**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL HALL,                                        )
                                                     )
          Plaintiff,                          )          Civil Action No. 22-1023
                                                     )          Magistrate Judge Maureen P. Kelly
          v.                                  )
                                                     )          Re: ECF No. 18
SCI FAYETTE et al.                                   )
                                                     )
          Defendants.                         )

## MEMORANDUM OPINION

**KELLY, Magistrate Judge**

       Plaintiff Michael Hall, an inmate at the State Correctional Institution at Fayette ("SCI – Fayette"), filed this *pro se* civil rights action seeking redress for the conditions of his confinement and the alleged denial of due process related to prison disciplinary proceedings. ECF No. 10. Plaintiff names as defendants SCI – Fayette, Superintendent Eric Armel, Hearing Examiner Rudzienski, Security Lt. Wood, Lt. Tyner, CO Rankin, CO Laskey, and CO Cavaliere.

       Presently before the Court is a Motion to Dismiss filed on behalf of all Defendants except CO Laskey and CO Cavaliere.[1] ECF No. 18. For the reasons that follow, the Motion to Dismiss will be granted.[2]

---

[1] When the initial Complaint was filed, Defendants Laskey and Cavaliere were inadvertently not identified as parties on the docket of this matter. The docket has been corrected to reflect that Plaintiff named these Defendants as parties and counsel for Defendants has waived service of the Complaint. A response to the Complaint on behalf of Laskey and Cavaliere is due by May 30, 2023.

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States court of Appeals for the Third Circuit if an appeal is filed.   ECF Nos. 5 and 20.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2018, Plaintiff pleaded guilty to burglary offenses and was sentenced to a period of confinement of four to eight years, with credit for time served of 459 days.[3] Plaintiff was paroled on November 17, 2021, and recommitted as a Technical Parole Violator on February 25, 2022. ECF No. 10 ¶ III, ECF No. 28-1 at 1, ECF No. 19-2 at 1-2. The Parole Board Decision reflects that in accordance with Pa. C.S. § 6138(d), upon Plaintiff's satisfactory completion of certain conditions, re-parole would be granted not later than six months after his recommitment date.[4] Plaintiff was assessed a new Parole Violation "Max Date" of December 27, 2024. ECF No. 28-1 at 1. Plaintiff was later committed to SCI – Fayette. ECF No. 10 ¶ 4.B.

---

[3] See Commonwealth v. Hall, No. CP-67-CR-004258-2017 (CCP York County, Pennsylvania), https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-67-CR-0004258-2017&dnh=%2FNas0aTIgC8osSXs5r1qqQ%3D%3D (last checked 3/28/2023).

[4] Pursuant to 61 Pa.C.S. § 6138(D):

A technical parole violator recommitted to a State correctional institution or a contracted county jail under subsection (c) shall be recommitted as follows:

(2)  If paroled from a State correctional institution, to any State correctional institution, parole violator center or contracted county jail designated by the department.

(3)  Except as set forth in paragraph (4) or (5), the offender shall be recommitted for one of the following periods, at which time the offender shall automatically be reparoled without further action by the board:

(i)  For the first recommitment under this subsection, a maximum period of six months.

(ii)  For the second recommitment under this subsection for the same sentence, a maximum of nine months.

(iii)  For the third or subsequent recommitment under this subsection for the same sentence, a maximum of one year.

(4)  The offender may be reparoled by the board prior to expiration of the time period under paragraph (3) if the board determines that it is in the best interest of the Commonwealth and the offender.

(5)  The time limit under paragraph (3) shall not be applicable to an offender who:

(ii)  spent more than 90 days in segregated housing due to one or more disciplinary infractions; or

(iii)  refused programming or a work assignment.

2

Plaintiff alleges that on April 23, 2022, while housed in SCI -Fayette's Restricted Housing Unit, Defendant Corrections Officer Rankin denied Plaintiff his evening meal, threatened to punch him in the face, and threatened to lodge a misconduct charge. ECF No. 10 ¶ IV B-D. Rankin followed through and filed a misconduct against Plaintiff for: (1) threatening an employee or their family with bodily harm; (2) refusing to obey an order; and (3) destroying, altering, or damaging property. ECF No. 10-1. Plaintiff was found guilty of threatening an employee and refusing to obey an order. The charge for destroying property was dismissed. ECF No. 10-4. Plaintiff states that the charges against him were "proven false" through the appeal and grievance processes. ECF No. 10 ¶ IV B-D, ECF No. 10-11 at 5. Because the commission of a misconduct resulted in Plaintiff's continued placement in segregated housing, Plaintiff's reparole date was rescinded in accordance with Pennsylvania law, see *infra* n. 3, and he continues to serve his originally imposed sentence. Id.; see also, ECF No. 28-1 at 5.

Plaintiff contends that because of Rankin's false misconduct, he is suffering mental distress, has lost his job, release date, vehicle, familial and financial support, and has experienced "illegal detainment" since May 10, 2022. ECF No. 10 ¶ V. Plaintiff seeks compensatory damages and injunctive relief in the form of a Court order directing prison officials to erase the misconduct from his record and to immediately release him from custody. Id. ¶ VI. In addition, Plaintiff asks the Court to issue an order requiring Defendants to provide psychiatric treatment while he remains in custody and upon his release. Id.

Plaintiff alleges that he filed grievances related to Defendants' alleged misconduct, but Lt. Wood has delayed completion of any investigation and has thus stalled Plaintiff's release and violated Plaintiff's due process rights. Id. ¶ VII E.

Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. ECF No. 18. The parties have filed briefs in support and in opposition to the motion. ECF Nos. 19 and 28.

The motion is ripe for consideration.

## II.      STANDARD OF REVIEW

### 1.   Motion to Dismiss

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct…." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at

555. Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s of his claim]."). Id. at 233, 234.

In support and in opposition to the pending Motion to Dismiss, the parties present Parole Board documents. Plaintiff also submits grievances and appeal documents that he asserts support his claims. When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must "generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). Thus, the court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The Court will consider the parties' documentary evidence to the extent there is no dispute over authenticity and the exhibit forms the basis of Plaintiff's claims.

### 2. *Pro Se* Pleadings and Filings

Plaintiff is proceeding *pro se*. *Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v.

Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should … be read 'with a measure of tolerance'"); Freeman v. Dep't. of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

Even so, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim .... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

## III.   DISCUSSION

### A.  Personal Involvement

Section 1983 provides a cause of action against "every person who," under color of state law, "subjects, or causes to be subjected," another person to a deprivation of a federally protected right. 42 U.S.C. § 1983. Thus, to prevail on a § 1983 claim, a plaintiff must show that a defendant was "personally involved" in the alleged deprivation of rights. Evancho v. Fisher, 423 F.3d 347,

353 (3d Cir. 2005). Individual liability can be imposed only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." Id. (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Without any specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. See, e.g., Mearin v. Swartz, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

As applied to supervisory defendants, a plaintiff must allege facts that show the violation occurred at his or her personal direction or "actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08; see also Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Alternatively, "supervisors can be liable if they 'established and maintained a policy, practice, or custom which directly caused [the] constitutional harm.'" Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting A.M. ex rel. J.M.K. v. Luzerne Cty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)).

The Amended Complaint identifies Armel, Tyner, Rudzienski, and Wood as Defendants and alleges that "all parties named either investigated or allowed [Rankin's] behavior" and, as to Wood, that he failed to timely complete his investigation. ECF No. 10 at 2-4, 7-8. Defendants assert that dismissal is warranted because Plaintiff does not allege their personal involvement in the violation of his civil rights. ECF No. 19 at 5. In response, Plaintiff argues that: (1) the alleged violations "occurred under the direct supervision" of Defendants Armel and Tyner, (2) the disciplinary misconduct charge was improperly adjudicated by Rudzienski, and (3) his grievances

7

and misconduct appeals were not timely investigated by Wood. ECF No. 28 at 1. Thus, Plaintiff argues, "[a]ll defendants, while not physically involved in the initial altercation, and following incidents of abuse, they did ignore and further the abuse and violations outline[d] in my complaint which have resulted in my illegal incarceration since May 10, 2022." Id.

The Court agrees that as to Armel, Tyner, and Wood, dismissal is properly entered based on the lack of allegations plausibly pointing to their involvement in the alleged misconduct. Plaintiff relies on the mere fact that Armel and Tyner were supervisors or had supervisory authority. These allegations, standing alone, cannot support liability under § 1983. Rode, 845 F.2d at 1207-08. As to Wood, his involvement in an after-the-fact investigation of a grievance is not enough to establish the necessary personal involvement in any alleged wrongdoing. See, e.g., Mincy v. Chmielsewski, 508 F. App'x. 99, 104 (3d Cir. 2013) ("an officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement"); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) ("[a]lthough the complaint alleges that [defendants] responded inappropriately to [plaintiff's] later-filed grievances …, these allegations do not establish [defendants'] involvement ….").

Plaintiff's allegations about Rudzienski assert personal involvement in the alleged deprivation of Plaintiff's due process rights. Through Plaintiff's Misconduct Hearing Appeal, he complains that Rudzienski failed to permit him to call witnesses to refute allegedly false charges. ECF No. 10-5. In consideration of Plaintiff's *pro se* status, the inclusion of his appeal document with his Amended Complaint is sufficient to set forth Rudzienski's involvement in the alleged denial of his rights. See, e.g., Holden v. Wetzel, No. 18-237, 2021 WL 1090638, at *16 (W.D. Pa. Mar. 22, 2021) (allegations of arbitrary denial of witnesses that resulted in "atypical and significant

8

hardship" sufficiently state personal involvement for purposes of § 1983 claim). As addressed in relation to Plaintiff's Fourteenth Amendment claim, Plaintiff does not state a due process claim against Rudzienski upon which relief may be granted. But Plaintiff's allegations that Rudzienski refused to permit him to call witnesses sufficiently alleges her personal involvement and dismissal on this basis is not properly entered.

### B. Eleventh Amendment

Defendants argue in the alternative that the Eleventh Amendment requires dismissal of all claims against SCI – Fayette, Armel, Rudzienski, Wood, and Tyner.[5] ECF No. 19 at 7-8.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "Although this case involves a suit brought by a citizen against his own state, the Eleventh Amendment has long been interpreted to prohibit such suits as well." Lavia v. Pennsylvania, Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000). SCI – Fayette is a facility of the Commonwealth of Pennsylvania and, as such, it is entitled to Eleventh Amendment immunity unless waived or otherwise abrogated, which has not occurred here. Id.

In an official-capacity suit against individual defendants, as here, the entity of which the defendant is an agent is the real party in interest. Kentucky v. Graham, 473 U.S. 159, 169 (1985). As a result, claims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment. Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 318 (3d Cir. 2013); Nelson v. Com. of Pa.

---

[5] In his Complaint, Plaintiff asserts claims against Defendants Armel, Rudzienski, Wood, and Tyner in their official capacity only. ECF No. 10 at 2-3.

Dept of Pub. Welfare, 244 F. Supp. 2d 382, 391 (E.D. Pa. 2002). Thus, Armel, Tyner, Rudzienski, and Wood enjoy immunity as to Plaintiff's claims for damages.

Eleventh Amendment immunity is not absolute. Three exceptions to sovereign immunity exist: (1) abrogation by an act of congress; (2) waiver by state consent to suit; (3) suits against individual state officials for prospective relief to remedy an ongoing violation. M.A. ex rel. E.S. v. State–Operated Sch. Dist. Of City of Newark, 344 F.3d 335, 344–45 (3d Cir. 2003) (citing MCI Telecomm Corp. v. Bell Atl. Pennsylvania, 271 F.3d 491, 503 (3d Cir. 2001)). The Commonwealth has not waived its Eleventh Amendment immunity, and Congress has not abrogated immunity with respect to Plaintiff's claims. Lavia, at 195-96.

As related to alleged ongoing violations, Plaintiff seeks prospective injunctive relief in the form of a court order "eras[ing]" his misconduct from his institution record and ordering his immediate release. ECF No. 10 ¶ VI. This claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and therefore Plaintiff does not state a claim for prospective relief to remedy an ongoing violation within an exception to the Eleventh Amendment. See Ingram v. SCI Smithfield, No. 2:21-CV-359, 2022 WL 1126072, at *5–6 (W.D. Pa. Feb. 2, 2022), *report and recommendation adopted*, 2022 WL 669213 (W.D. Pa. Mar. 7, 2022), *aff'd*, No. 22-1541, 2023 WL 110588 (3d Cir. Jan. 5, 2023).

> [T]he Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Instead, the prisoner must seek federal habeas corpus relief (or appropriate state relief). Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). These Supreme Court decisions stand for the proposition that prisoners may "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the

unlawfulness of the State's custody." <u>Wilkinson</u>, 544 U.S. at 81. As explained by the Supreme Court in <u>Wilkinson</u>:

> "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

<u>Id.</u> at 81-82.

Thus, Plaintiff's claim for injunctive relief is not cognizable in this § 1983 action. <u>Id.</u>; <u>see, e.g.</u>, <u>Butler</u>, 613 F. App'x at 123 (district court properly concluded that if the plaintiff sought an injunction invalidating or altering the sentence imposed by the Parole Board "he could not do so via a § 1983 civil suit.").

As such, Plaintiff has no cognizable claim for injunctive relief against any defendant sued in his or her official capacity.

<u>Id.</u> As in <u>Ingram</u>, Plaintiff's claim for injunctive relief in the form of an order for his release is not cognizable in this § 1983 action. Therefore, his claims for prospective injunctive relief against Defendants in their official capacity are barred by the Eleventh Amendment and will be dismissed with prejudice since amendment would be futile.

### C. Fourteenth Amendment Due Process – Disciplinary Hearing

Plaintiff broadly alleges the violation of his due process rights. ECF No. 10 at 3. Through grievance and appeal documents attached to the Complaint, Plaintiff's claim is supplemented to add that in adjudicating his prison disciplinary hearing, Rudzienski denied Plaintiff's requests to view video evidence of the incident and to call witnesses to contradict Rankin's version of events. ECF No. 10-5 at 1-2. In response to the pending Motion to Dismiss, Plaintiff contends that his due process rights also were violated by Defendants Armel because he upheld the "ruling of guilt."

ECF No. 28 at 4. Plaintiff explains that Rudzienski's finding of guilt resulted in "segregation time and parole revocation." ECF No. 10 ¶ IV.B.

Defendants move to dismiss Plaintiff's Fourteenth Amendment claim because Plaintiff was afforded the required due process protections in a multilevel disciplinary proceeding and because Plaintiff has no protected liberty interest in parole. The Court agrees.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In Fantone v. Latini, 780 F.3d 184 (3d Cir. 2015), the United States Court of Appeals for the Third Circuit held that discipline by prison officials that results in RHU confinement and the rescission of a parole date does not implicate a constitutionally protected liberty interest under the Fourteenth Amendment. This ruling applies equally to prisoners who can establish that they have been cleared of the underlying misconduct charges on administrative appeal. Id. at 190.

First, a prisoner's liberty interests are "limited to freedom from restraint that imposes 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Id. at 188 (quoting Sandin v. Conner, 515 U.S. 472, 481 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. Here, Plaintiff's Complaint and exhibits establish that his confinement in the RHU was limited to 15, 45, or, at most, 65 days. ECF No. 10-4, ECF No. 10-5 at 3, ECF No. 28 at 4. In addition, Plaintiff was not disqualified for future parole consideration. There are no allegations that the conditions of Plaintiff's confinement in the RHU were extreme as to pose an atypical or significant hardship and thus no liberty interest was implicated.

Second, "Pennsylvania law provides that the Parole Board may at any time rescind an order granting parole until it is executed – i.e., the inmate is released on parole." Fantone, 780 F.3d at 190 (internal quotation marks and citation omitted). Thus, even if misconduct allegations cause the Parole Board to rescind parole, Plaintiff's liberty interests are not infringed.[6] See also Saleem v. Brugart, No. 20-1610, 2022 WL 17336208, at *3-4 (3d Cir. Nov. 30, 2022) (disciplinary confinement that deprived inmate of ability to attend mandatory programming and affected parole resulting in extended sentence does not state a Fourteenth Amendment due process violation).

Because Plaintiff's due process claim related to his disciplinary proceedings is not based on a protected liberty interest, he fails to state a claim for the violation of his Fourteenth Amendment due process rights and the Motion to Dismiss will be granted. Dismissal will be with prejudice, as amendment would be futile.

### D.  Fourteenth Amendment Due Process – Grievances

Plaintiff also fails to allege a Fourteenth Amendment claim against any Defendant for the alleged improper processing of his grievances. It is well-established that inmates have no constitutional right to an effective grievance system. See, e.g., Pittman v. Corbett, No. 14-231, 2014 WL 783498, at *3 (E.D. Pa. Feb. 27, 2014) ("[T]o the extent plaintiff's claims are based on the defendant's denials of grievances and/or inadequacies in and dissatisfaction with the grievance process, he has not stated a constitutional claim."); Robinson v. Prison Health Servs., Inc., No. 10-7165, 2014 WL 2452132, at *7 (E.D. Pa. June 2, 2014) (dismissing a plaintiff's due process claims based on dissatisfaction with the grievance process because an inmate does not have a

---

[6] The Notice of Parole Board Decision set forth Plaintiff's administrative remedies to challenge the decision to rescind automatic reparole and informed Plaintiff of his right to do so with the assistance of counsel from the Public Defender's Office. ECF No. 28-1. Plaintiff does not allege whether he appealed in accordance with the remedies provided.

constitutionally protected right to a grievance procedure); Robinson v. Varner, No. 12-6359, 2012 WL 6628108, at *1 (E.D. Pa. Dec. 19, 2012) ("[P]laintiff cannot state a constitutional claim based on his dissatisfaction with the grievance process.").

"[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process [citation omitted], [a prisoner] cannot maintain a constitutional claim ... based upon [the prisoner's] perception that [the recipient of the grievances] ignored and/or failed to properly investigate his grievances." Woods v. First Corr. Med. Inc., 446 F. App'x. 400, 403 (3d Cir. 2011). Accordingly, any claims based on the handling of Plaintiff's grievances by Defendant Wood – and any claim against any other Defendant for their general involvement in the grievance process – will be dismissed. Dismissal of this claim also will be with prejudice, as it is apparent that amendment would be futile.

### E. Eighth Amendment Claims

Plaintiff alleges the violation of his rights arising out of Rankin's denial of Plaintiff's evening meal on April 23, 2022, repeated threats of bodily harm and abusive language, and the denial of a shower on April 26, 2022, by CO Cavaliere and CO Rankin, and again on May 3, 2022, by CO Maier, who is not a defendant in this action. ECF No. 10 VII.C, ECF No. 10-7, ECF No. 10-10. Defendants move to dismiss Plaintiff's claims under the Eighth Amendment because the alleged conduct, if true, does not state a claim for relief. ECF No. 19 at 11-15. Plaintiff broadly responds that his civil rights have been violated, but he does not address any asserted pleading insufficiency.

The Eighth Amendment mandates that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to

guarantee the safety of the inmates[.]'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To state an Eighth Amendment conditions of confinement claim, a plaintiff must allege both that he has been denied "the minimal civilized measure of life's necessities" and that this was done while the defendants had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834.

Thus, conditions cited by an inmate must be "objectively, sufficiently serious [and] must result in the denial of the minimal civilized measure of life's necessities." Id. (internal citation and quotation omitted). Only "extreme deprivations" are sufficient to make out a conditions of confinement claim. Hudson v. McMillen, 503 U.S. 1, 8-9 (1992). A plaintiff must prove that the deprivation is sufficiently serious when viewed within the context of "[c]ontemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 36 (1993).

As to Plaintiff's claim related to CO Rankin's refusal to provide Plaintiff dinner April 23, 2022,  a single missed meal does not state an Eighth Amendment claim for denial of food. Instead, "only a substantial deprivation of food to a prisoner" states a viable Eighth Amendment claim. Lindsey v. O'Connor, 327 F. App'x. 319, 321 (3d Cir. 2009). Plaintiff's allegations of two missed showers also fail to state a claim for relief. See Brandt v. Wenerowicz, 698 F. App'x 673, 675 (denial of showers for 28 days absent allegations of ill effects does not rise to the level of a constitutional violation); Laurensau v. Romarowics, 528 F. App'x 136, 139-40 (3d Cir. 2013) (citing Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir. 1988) (limiting inmates to one shower a week does not violate the Eighth Amendment)).

Plaintiff's allegations of threats fair no better. "It is well settled, … 'that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment.'" Hensley v.

McCaulley, No. 3:21-CV-184, 2023 WL 2167805, at *4 (W.D. Pa. Jan. 25, 2023), *report and recommendation adopted*, 2023 WL 2163659 (W.D. Pa. Feb. 22, 2023) (citing Robinson v. Taylor, 204 F. App'x. 155, 156 (3d Cir. 2006), Lindsey, 327 F. App'x. at 321 ("Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment."); Booth v. King, 228 F. App'x. 167, 172 (3d Cir. 2007) ("Absent any allegation of physical harm, the defendants' verbal threats do not amount to a constitutional violation."); DeFranco v. Miller, 2021 WL 6498250, at *6 (W.D. Pa. Oct. 4, 2021), *report and recommendation adopted*, 2021 WL 6037580 (W.D. Pa. Dec. 21, 2021) (collecting cases for the proposition that "verbal threats or taunts, without more, are not sufficiently adverse to violate the Constitution.").

Plaintiff's allegations related to the issuance of a false misconduct also do not "rise to the level of deprivation needed to constitute cruel and unusual punishment under the Eighth Amendment." Ingram v. Donate, No. 1:08-CV-0407, 2008 WL 2780648, at *3 (M.D. Pa. July 16, 2008) (citing Booth v. Pence, 354 F. Supp. 2d 553, 559 (E.D. Pa. 2005), *aff'd,* 141 F. App'x 66 (3d Cir. 2005).

Finally, as discussed in relation to the Eleventh Amendment bar to Plaintiff's claims, prisoners may not bring claims for "illegal incarceration" absent proof that "a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Walke v. Cullen, 491 F. App'x 273, 276 (3d Cir. 2012) (quoting Heck, 512 U.S. 486-87). Because Plaintiff has not alleged (nor can he) that he has been incarcerated beyond his maximum sentence, his claim is barred by Heck and must be dismissed.

In summary, Plaintiff's allegations do not state a claim to relief under the Eighth Amendment that is plausible on its face. Because Plaintiff may be in the possession of other facts that support his claim, the Court will grant the Motion to Dismiss Plaintiff's Eighth Amendment claim without prejudice.

### F. First Amendment Claim

Plaintiff alleges that after reporting Rankin's conduct related to the meal and the issuance of a false misconduct, Rankin and his coworkers have harassed and abused him by denying him two showers, telling his cellmate they were "going to end up spraying" Plaintiff,  and ordering Plaintiff to turn on his light. ECF Nos. 10-7, 10-8, 10-10.

Defendants move to dismiss Plaintiff's claims under the First Amendment as insufficient to state a claim for relief. ECF No. 19 at 16 – 20. Plaintiff does not respond to Defendants' arguments and appears to limit his claims to the denial of due process under the Fourteenth Amendment. ECF 28 at 6.  Because Plaintiff is proceeding *pro se*, the Court will broadly construe certain of the allegations in his Complaint and the attached exhibits as seeking to assert a First Amendment retaliation claim.

"To state a First Amendment retaliation claim, a prisoner plaintiff must allege (1) that the conduct which led to the alleged retaliation was constitutionally protected; (2) that he suffered some adverse action at the hands of the prison officials; and (3) a causal link between the [protected conduct] and the adverse action [in that the] conduct was a substantial or motivating factor in the decision to take that action." Burton v. Giroux, 794 F. App'x 196, 198 (3d Cir. 2019) (quoting Oliver v. Roquet, 858 F.3d 180, 190 (3d Cir. 2017) (quotation marks omitted)). Defendants agree that lodging grievances is constitutionally protected activity. ECF No. 19 at 18. But, according to

Defendants, Plaintiff does not adequately allege a causal link to protected activity or allege that he suffered an adverse action sufficient to deter a person of ordinary fitness from exercising his constitutional rights. Id.

As related to the misconduct charge, Plaintiff does not allege any facts supporting the required causal connection between constitutionally protected activity and CO Rankin's decision to submit the misconduct form. Plaintiff concedes the misconduct arose when Plaintiff was caught by Rankin with a "fishing line" used to pass contraband to other inmates in the RHU and then took time to "untangl[e]" the line before giving it to Rankin. ECF No. 10-2. Rankin then refused Plaintiff his meal, and after a verbal altercation that included Plaintiff taunting Rankin's manhood and cursing at him, Rankin told him he would issue a misconduct. Id. Under these circumstances, Plaintiff does not allege facts supporting an inference that the misconduct was issued in retaliation for constitutionally protected activity.

The loss of two showers in one week, an alleged threat made to Plaintiff's cellmate, and an order to turn on a light also cannot support an inference that any Defendant took adverse action against him that is sufficient to deter a person of ordinary fitness from exercising his constitutional rights. Instead, more serious conduct is required to make out a retaliation claim under Section 1983. Compare Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (inmate presented evidence of adverse retaliatory conduct where he showed "that he was denied parole, transferred to a distant prison where his family could not visit him regularly, and penalized financially" when his prison employment pay grade was reduced to the lowest possible level) and Allah v. Seiverling, 229 F.3d 220, 225-26 (3d Cir. 2000) (inmate sufficiently alleged adverse retaliatory conduct, where he claimed he was placed in administrative segregation and confined to his cell for all but five hours

per week, which severely limited his access to the commissary, recreation, rehabilitative programs, and legal research materials and assistance), with Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011) (a misconduct charge against a prisoner – which was later dismissed – for filing a false report was not sufficiently adverse to serve as the basis of a retaliation action) and Jones v. Greninger, 188 F.3d 322, 325-26 (5th Cir. 1999) (change in prisoner's employment, which limited his access to the prison law library to five hours per week, was not adverse for purposes of a retaliation claim).

The adverse action alleged by Plaintiff, like the causal connection related to the misconduct, fails to state a claim for First Amendment retaliation against any Defendant. The Motion to Dismiss will be granted. However, it does not appear that amendment would be futile. Accordingly, the Motion to Dismiss Plaintiff's First Amendment claim is granted without prejudice to further amendment to correct the identified pleading deficiencies.

### G. Leave to Amend

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). For the reasons set forth in this Memorandum Opinion, Plaintiff's Fourteenth Amendment procedural due process claims, all official capacity claims against Defendants, and Plaintiff's claims related to "illegal incarceration" are dismissed with prejudice. If Plaintiff can rectify the deficiencies identified in the Memorandum Opinion related to his First Amendment and Eighth Amendment claims, he is granted thirty days to file an Amended Complaint. Any Amended Complaint must encompass all remaining claims and parties

in one stand-alone document and must set forth specific allegations against every named defendant.

IV.   **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is properly granted. An appropriate Order will issue.


MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


Dated: April 10, 2023


cc:   All counsel of record by Notice of Electronic Filing

Michael Hall
QG 7407
SCI FAYETTE
50 Overlook Drive
LaBelle, PA 15450