IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HALL, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 22-1023 |
| | )  Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| SCI FAYETTE et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Michael Hall, an inmate at the State Correctional Institution at Fayette ("SCI – Fayette"), filed this *pro se* civil rights action seeking redress for the conditions of his confinement and the alleged denial of due process related to prison disciplinary proceedings. ECF No. 10. Plaintiff names as defendants SCI – Fayette, Superintendent Eric Armel, Hearing Examiner Rudzienski, Security Lt. Wood, Lt. Tyner, CO Rankin, CO Laskey, and CO Cavaliere.

On April 10, 2023, the Court granted a Motion to Dismiss all claims against Defendants Eric Armel, Hearing Examiner Rudzienski, Security Lt. Wood, Lt. Tyner, and CO Rankin.[1] ECF No. 37. On May 25, 2023, CO Laskey and CO Cavaliere filed a Motion to Dismiss.[2] ECF No. 41. On May 26, 2023, the Court ordered Plaintiff to respond to the Motion to Dismiss by June 26, 2023. ECF No. 43. Plaintiff failed to file a response to the Motion. On July 6, 2023, the Court issued an Order to Show Cause by August 7, 2023 why his claims against Defendants Cavaliere

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 5, 20 and 39.

[2] When the initial Complaint was filed, Defendants Laskey and Cavaliere were inadvertently not identified as parties on the docket of this matter. The docket was corrected to reflect that Plaintiff named these Defendants as parties. Counsel for Defendants waived service of the Complaint and filed the pending Motion to Dismiss.

and Lasky should not be dismissed for failure to respond to the Motion to Dismiss as ordered. ECF No. 45. To date, Plaintiff has failed to respond to the Order to Show Cause or give any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weighs heavily against him. Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in

favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek, 964 F.2d at 1373. An appropriate order follows.

BY THE COURT,

*/s/ Maureen P. Kelly*
United States Magistrate Judge

Dated: August 14, 2023

cc:   All counsel of record by Notice of Electronic Filing

     Michael Hall
     QG 7407
     SCI FAYETTE
     50 Overlook Drive
     LaBelle, PA 15450